UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-453
(3:05-cr-46)

| | | |
|---|---|---|
| **CURTIS ARNOLD** | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); counsel's supplemental § 2255 motion, (Doc. No. 15); Petitioner's pro se Motion to Amend, (Doc. No. 23); and the Government's Motions to Dismiss, (Doc. Nos. 5, 33). This matter arose in the wake of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and was stayed pending the resolution of Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc). The time has expired for Petitioner to respond to the Government's Motion to Dismiss filed following Whiteside. For the reasons that follow, Petitioner's § 2255 motion, as supplemented, will be dismissed.

I. BACKGROUND

On March 2, 2005, Petitioner was indicted for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (Count One) and possession with intent to distribute at least five kilograms of cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 18 U.S.C. § 2, (Count Two). (Case No. 3:05-cr-46, Doc. No. 1: Indictment). On August 30, 2005, the Government filed a notice pursuant to 21 U.S.C. § 851 informing Petitioner of its intention to seek enhanced

1

penalties based on one of Petitioner's prior North Carolina convictions for possession with intent to sell and/or deliver cocaine. (Id., Doc. No. 18).

The next day, Petitioner filed a plea agreement in which he agreed to plead guilty to Count One in exchange for the Government's dismissal of Count Two. (Id., Doc. No. 21 at 1). Petitioner further agreed to waive his right to appeal his conviction or sentence, or to contest them on collateral review in a § 2255 proceeding, except for claims of prosecutorial misconduct and/or ineffective assistance of counsel. (Id. at 4). Petitioner entered his plea under oath on September 13, 2005, before a magistrate judge, who found that the plea was knowingly and voluntarily entered. (Id., Doc. No. 24: Acceptance and Entry of Guilty Plea).

The Presentence Report ("PSR") identified two North Carolina convictions for possession with intent to sell and deliver cocaine for which Petitioner was sentenced to suspended terms of 8-10 months, resulting in a career offender designation. (Id., Doc. No. 72: PSR ¶¶ 37, 38, 40). At the sentencing hearing on January 30, 2006, the Court again placed Petitioner under oath and questioned him about the knowing and voluntary nature of his plea, including his waiver of post-conviction attack, and accepted the plea. (Id., Doc. No. 52: Sent. Hr'g TR at 11-23). Petitioner did not contest his career offender status, but sought a downward departure based on overrepresentation of criminal history category. (Id. at 23-26). The Court sentenced Petitioner to the low end of the advisory guideline range of 262 months' imprisonment for his conviction on Count One and dismissed Count Two. (Case No. 3:05-cr- 46, Doc. No. 35: Judgment in a Criminal Case).[1]

---

[1] The Judgment was amended on March 3, 2006, to correct a clerical error. (Case No. 3:05-cr-46, Doc. No. 38).

Petitioner timely appealed to the United States Court of Appeals for the Fourth Circuit. Id., Doc. No. 31). His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that in her opinion Petitioner's appeal was devoid of meritorious issues. However, appellate counsel argued that trial counsel provided ineffective assistance of counsel and that Petitioner would have demanded a trial but for this deficient representation. On May 7, 2007, the appellate court dismissed the appeal as meritless in a per curiam decision, but noted that a claim for ineffective assistance of counsel is cognizable under § 2255. United States v. Arnold, 225 F. App'x 140 (4th Cir. 2007) (unpublished).

On September 13, 2010, Petitioner filed the instant § 2255 motion stating one ground for relief: that neither of his North Carolina drug convictions subjected him to a term of imprisonment in excess of one year; therefore, he was not a career offender under USSG §4B1.1. (Doc. No. 1 at 4-5). Petitioner claimed his motion was timely because it was filed within a year of the Supreme Court's decision in Carachuri-Rosendo. (Doc. No. 1-1: Memorandum at 3). The Government moved to dismiss based on the statute of limitations and the plea agreement's collateral attack waiver. (Doc. Nos. 4, 5).

After the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On December 20, 2012, counsel filed a supplement to Petitioner's § 2255 motion which included claims for relief under 28 U.S.C. § 2241 and petitions for writs of coram nobis and audita querela, (Doc. No. 15), but later withdrew the claims seeking relief other than under § 2255, (Doc. No. 16).[2]

---

[2] Petitioner pro se also filed a Motion to Amend, asserting a claim under Descamps v. United

3

This case has been stayed twice pending developments in the Simmons line of cases. (Doc. Nos. 19, 26). After the Fourth Circuit issued its en banc decision in Whiteside, the Court ordered the Government to answer, and the defendant had the opportunity to respond. The matter is now ripe for disposition.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

---

States, 133 S. Ct. 2276 (2013). (Doc. No. 23). Petitioner, however, provides no legal authority to show that decision recognized new rights made retroactively applicable to cases on collateral review. In fact, courts have found that it does not. See Hooker v. United States, No. 5:14-cv-152, at *3 (N.D. W. Va. Jan. 26, 2015) (collecting cases). Therefore, the motion to amend will be denied.

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about August 7, 2007, after his time to petition the Supreme Court for certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003). As detailed above, Petitioner pro se contends this action is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's opinion in Carachuri-Rosendo. That decision, however, is not retroactive to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Counsel contends that Petitioner's designation as a career offender is erroneous in light of Simmons and other authority, representing a miscarriage of justice and violating the Due Process Clause. (Doc. No. 15: Supplement at 1-2).

The Fourth Circuit's en banc decision in Whiteside makes it clear that Petitioner's § 2255 motion, as supplemented, is indeed untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging career offender predicates was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact

5

same substantive claim . . . including [Jason] Simmons himself") (collecting cases).³

B. Waiver

Finally, the Government cites the plea agreement's waiver of Petitioner's right to collaterally attack his sentence in a § 2255 proceeding. (Doc. No. 31: Response at 5-6). It is beyond question that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As detailed above, both the magistrate judge and this Court found Petitioner's plea, with included waiver, to be knowing and voluntary after hearing his sworn responses pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Accordingly, the Government is entitled to enforcement of Petitioner's waiver of his claim for relief under Simmons. See United States v. Jones, 549 F. App'x 219 (4th Cir. 2014) (claims based on Simmons were within scope of waiver).

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed to present any meritorious claims for relief and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motions to Dismiss, (Doc. Nos. 5, 33), are **GRANTED**;

2. Respondent's Motion for Extension of Time, (Doc. No. 32), is **GRANTED**;

3. Petitioner's Motions to Appoint Counsel, (Doc. Nos. 18, 20), are **DENIED as moot**;

---

³ Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

4. Petitioner's Motion to Amend, (Doc. No. 23), is **DENIED**; and

5. Petitioner's § 2255 motion, as supplemented, (Doc. Nos. 1, 15), is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 30, 2015

_____
Robert J. Conrad, Jr.
United States District Judge